UNITED STATES of America, Plaintiff,

v.

**William LI, Danny Hogan, and Chitoki Tokunaga, Defendants.**

**No. 93 CR 897.**

United States District Court,
N.D. Illinois,
Eastern Division.

May 27, 1994.

See also 856 F.Supp. 411.

Rocco DeGrasse and Mark Vogel, Office of the U.S. Atty., Chicago, IL, for plaintiff.

Thomas M. Breen, Chicago, IL, for defendant Li.

---

Steve A. Greenberg, Chicago, IL, for defendant Hogan.

Marc W. Martin, Genson, Steinback, Gillespie & Martin, Chicago, IL, for defendant Tokunaga.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Defendants William Li, Danny Hogan, and Chitoki Tokunaga were charged in a four-count superseding indictment. Hogan was the business agent of General Services Employees Union Local 73 ("Local 73"). Local 73 had an ERISA welfare benefit plan known as the Local 73 Trust Fund (the "Trust Fund"). Pursuant to a service contract with Local 73, Health Administrators, Incorporated ("Health Administrators") provided dental services for union members through the Trust Fund. Li is a dentist and was the president of Health Administrators. Tokunaga was an employee of Health Administrators. Hogan's then-wife, Morley Beth Schlesinger, owned a graphics firm known as Morley Graphics and Associates ("Morley Graphics"). Defendants allegedly were involved in a scheme to pay kickbacks to Hogan and attempted to cover up the nature of the payments by making the payments to Morley Graphics.

Specifically, Count One of the indictment charged Li, Hogan, and Tokunaga with conspiring together to pay fees, kickbacks, commissions, gifts, money, or other things of value to defendant Hogan because of defendant Hogan's actions, decisions, or other duties relating to questions or matters concerning the Trust Fund in violation of 18 U.S.C. §§ 371 and 1954. Count Two charged Hogan with knowingly receiving, agreeing to receive, or soliciting from Li a fee, kickback, commission, or gift in the form of Health Administrators check number 1972 in the amount of $2,200 made payable to Morley Graphics because of defendant Hogan's actions, decisions, or other duties relating to questions or matters concerning the Trust Fund in violation of 18 U.S.C. § 1954. Count Three charged Li with knowingly giving, of-

fering, or promising to give or offer to Hogan a fee, kickback, commission, or gift in the form of Health Administrators check number 1972 in the amount of $2,200 made payable to Morley Graphics because of defendant Hogan's actions, decisions, or other duties relating to questions or matters concerning the Trust Fund in violation of 18 U.S.C. § 1954. Count Four charged defendants Li and Hogan with violating 18 U.S.C. § 1956(a)(1)(B)(i) by laundering unlawful proceeds of acts committed in violation of § 1954.

Following a trial before a jury, the following verdicts were entered. Tokunaga was found not guilty on the Count One conspiracy charge, the only charge against him. Li was found guilty of the Count One conspiracy charge and the Count Three paying a kickback charge, but was found not guilty on the Count Four money laundering charge. Hogan was found guilty on all three charges against him, the Count One conspiracy charge, the Count Two receiving a kickback charge, and the Count Four money laundering charge. Presently pending are Hogan's motions for judgment of acquittal or, alternatively, a new trial and Li's motions for new trial or arrest of judgment.[1] The government opposes all the motions.

On the money laundering count, the ruling on Hogan's motion for judgment of acquittal was reserved. The parties have been given the opportunity to brief the question of whether that charge was filed within the applicable five-year limitation period. On Count Four, the jury was instructed that it had to find the following five elements were proved beyond a reasonable doubt as to the particular defendant:

(1) The defendant knowingly conducted or caused to be conducted the depositing of Health Administrators check number 1972 into a bank account;

(2) The deposit occurred on December 16, 1988;

1. Defendants were granted an extension of time to file briefs in support of their motions. Hogan filed his brief after that date and was granted leave to file it instanter. Li did not file a supporting brief. Hogan's brief does not argue all the points contained in his motions.

(3) Health Administrators check number 1972 was proceeds of a violation of Title 18, United States Code, Section 1954;

(4) The defendant knew Health Administrators check number 1972 was proceeds of some form of unlawful activity; and

(5) The defendant knew and intended that the depositing of the check into the bank account was designed to conceal or disguise the nature, location, source, ownership, or control of the unlawful proceeds.

Relating to the second element, the jury was further instructed: "As used in the instruction for Count Four a 'deposit' into a bank account refers to the activities through which a bank keeps records of and credits or debits a bank account." This instruction was given because it was the only circumstances shown by the evidence under which the Count Four charge could be considered to have been brought within the applicable statute of limitations.[2] The court reserved on the question of whether the limitation period could be determined based on when a bank credited an account.

The evidence, construed in the government's favor, supports that Li wrote out a Health Administrator's check to Morley Graphics dated December 12, 1988. There is sufficient evidence from which the jury could have concluded beyond a reasonable doubt that the check was written and delivered to Schlesinger on December 12, 1988 or later. Schlesinger's business account for Morley Graphics was at Madison Bank and Trust Company. On December 15, 1988, Schlesinger went to Madison Bank to deposit the check and delivered the signed check to a teller on that date. The Morley Graphics account was credited with the deposit effective December 15. However, there was also sufficient evidence from which the jury could have concluded beyond a reasonable doubt that the entry of the credit by Madison Bank did not occur until December 16. The Count Four charge against Hogan is barred by the statute of limitations unless the limitation period did not begin to run until the Bank completed the process of crediting the ac-

count on December 16. If the act of delivering the check to the bank on December 15 begins the running of the limitation period, Count Four must be dismissed.

A necessary element of a § 1956(a)(1)(B)(i) offense is that the person "conducts or attempts to conduct a ... financial transaction." *See United States v. Kaufmann,* 985 F.2d 884, 889 n. 2 (7th Cir.), *cert. denied,* —— U.S. ——, 113 S.Ct. 2350, 124 L.Ed.2d 259 (1993). The statute defines "conducts" as including "initiating, concluding, or participating in initiating, or concluding a transaction." 18 U.S.C. § 1956(c)(2). The term "'transaction' ... with respect to a financial institution includes a deposit...." *Id.* § 1956(c)(3). Deposit is not further defined. In *United States v. Bell,* 936 F.2d 337, 342 (7th Cir.1991), the Seventh Circuit stated: "the plain meaning of this section [18 U.S.C. § 1956(c)(3) ] reveals that the terms 'deposits' and 'withdrawals' refer to activities through which a banking institution keeps records of and credits and debits an individual's savings or checking account." In light of both the statutory definition of conducts, which includes both initiating and concluding a transaction, and the Seventh Circuit's construction of the term deposits, it is clear that a deposit includes both the delivery of the check to the bank and the bank's processing of that check.

That determination, however, does not resolve the issue before the court. While both types of action are included in the definition of deposit, that does not mean that both types of actions are required for a deposit to occur. As § 1956(c)(3) makes clear, either initiating *"or"* concluding a transaction constitutes the conducting of a transaction. There is no requirement that the transaction be both initiated *and* concluded. Merely initiating a deposit satisfies the conducting a financial transaction element of the offense. All the other elements of the offense having been completed at an earlier time, the § 1956(a)(1)(B)(i) offense charged in Count Four was completed upon the initiation of the deposit.

Thursday, December 16, 1993.

---

**2.** The superseding indictment which first included the Count Four charges was returned on

As the government recognizes, the statute of limitations begins to run when the crime is completed and a crime is completed when each element of the offense has occurred. *United States v. Smith,* 740 F.2d 734, 736 (9th Cir.1984). Here, the crime was completed when the deposit was initiated. The bank's further processing of the deposit also would have satisfied the deposit element, but it was not a necessary element for completing the offense. Construing the facts in the government's favor, it still must be found that the offense was completed on December 15, 1988 and therefore the statute of limitations had expired when the superseding indictment was returned on December 16, 1993.[3] A judgment of acquittal will be entered on Count Four as to Hogan.[4]

The other arguments (and assertions) of defendants merely reiterate contentions that were ruled on in writing prior to trial or orally at trial. No new arguments are raised. The prior rulings will stand.

IT IS THEREFORE ORDERED that defendant Hogan's [# 2] motion for judgment of acquittal on Count Four [121–1] is granted and his motion for new trial on Counts One and Two [121–2] is denied. Defendant Li's [# 1] motion for new trial [122–1] and/or arrest of judgment [122–2] is denied. The entry of a verdict of guilty on Count Four as against defendant Hogan [# 2] is vacated and a verdict of not guilty is entered on Count Four as against defendant Hogan [# 2].

---

3. In a footnote, the government alternatively contends that the § 1956(a)(1)(B)(i) offense is a continuing offense and therefore the statute of limitations can be measured from the completion of the processing of the deposit. The government has not presented a sufficient argument to require consideration of this issue. In any event, it lacks merit.

4. Defendant Hogan shall forthwith notify the assigned probation officer of this ruling so that the presentence investigation report will be accurate.